(27 Misc. Rep. 264.)

### In re WADSWORTH.

(Supreme Court, Special Term, Erie County. April, 1899.)

1. MORTGAGES—SATISFACTION BY MORTGAGEE'S ADMINISTRATRIX—ENTRY.

    Real Property Law (Laws 1896, c. 547) § 252, prohibits any officer from taking an acknowledgment unless he knows that the person making it is the one who executed the instrument. Section 255 requires him to attach to the instrument his certificate, stating all the matters required to be done or proved on the taking of the acknowledgment, and requires the county clerk to record such instrument. Section 270 requires the recording officer to discharge a mortgage of record, where there is presented to him a certificate, signed by the mortgagee or his personal representative, acknowledged and certified in like manner as to entitle a conveyance to be recorded. *Held* that, on presentation of a satisfaction of a mortgage executed by the mortgagee's administratrix, with a sufficient certificate of acknowledgment attached, the clerk is bound to discharge the mortgage of record, and cannot require a certificate from the surrogate that the person executing the satisfaction is the administratrix.

2. MANDAMUS—COSTS.

    Where a county clerk, acting pursuant to custom, and his belief that he was complying with the law, refuses to discharge a mortgage of record on presentation of a satisfaction executed by the mortgagee's administratrix, and properly certified, unless a certificate of the surrogate that the person executing the satisfaction is the administratrix is also presented, will not be liable for costs of mandamus to compel such entry, though the law did not authorize his refusal.

Petition by George Wadsworth for mandamus to compel the clerk of Erie county to discharge a mortgage of record. Granted.

George Wadsworth, for the motion.
Theodore Wende, opposed.

TITUS, J. The facts in this proceeding are undisputed, and, in brief, are: That in the year 1889 Benjamin B. Hamilton gave a mortgage on certain premises in the county of Erie to Alexander G. Kent, to secure the payment of the sum of $18,000. That thereafter the said Alexander G. Kent died, leaving his wife, Bettie R.

Kent, him surviving; and thereupon the surrogate of Niagara county, where he resided at the time of his death, granted and issued letters of administration to the said Bettie R. Kent, and she qualified and entered upon her duties as such administratrix, and so continued to act up to the time of the commencement of this proceeding. At the time of the death of Kent, he was the owner and holder of the above-mentioned mortgage, and the same came into the possession of the administratrix, as his legal representative. That thereafter the persons liable on said mortgage paid the same in full to Bettie R. Kent, as such administratrix; and she thereupon, and on the 23d day of January, 1899, executed and acknowledged, before a notary public of Erie county, a satisfaction and discharge of said mortgage, and delivered it to George Wadsworth, the person entitled to the same. The instrument of satisfaction describes the said Bettie R. Kent as administratrix of the estate of Alexander G. Kent, deceased, and is sealed and signed by her as such administratrix. Attached thereto is a notarial certificate made by Dow Vroman, a notary public of Erie county, and it is in the usual form of certificates of acknowledgment as prescribed by the statute. It recites that:

"Before me, the subscriber, personally appeared Bettie R. Kent, administratrix of the estate of Alexander G. Kent, deceased, to me personally known to be the same person described in, and who executed, the foregoing instrument, and she duly acknowledged to me that she executed the same as such administratrix."

On receipt of this satisfaction from the administratrix, Mr. Wadsworth presented the same to the clerk of Erie county for record, and requested the clerk to discharge the mortgage of record. The clerk caused the instrument to be recorded, but refused to discharge the mortgage of record. In his letter of refusal he says:

"I am of the opinion that a fair construction of section 270 of the recording act is sufficient authority for refusal by the clerk to sign the record of a discharge, and a minute thereof on the record of the mortgage, when discharged by a personal representative, unless a certificate is recorded, or unless the assignment is recorded, where discharged by an assignee."

The "certificate" here referred to is a certificate of the surrogate that the person signing the satisfaction is the administrator of the estate of the deceased. No authority other than section 270, above referred to, is cited by the clerk; but it appears from the papers before me that it is the practice of the office to require this certificate, in addition to the certificate of the notary public, as to the identity of the person signing the instrument. This is an old practice, and the clerk in this case is simply following what he believes to be a perfectly legal and necessary method to protect holders of mortgages from unlawful or fraudulent discharges.

On this state of facts, a peremptory writ of mandamus is asked, directed to the clerk of Erie county, commanding him to discharge the mortgage of record on the books in his office. I have not been referred to any authority directly in point, so that it becomes necessary to examine the statute, with a view of determining what the duties of the clerk are upon the presentation of an instrument acknowledged in the manner of this satisfaction.

Section 270 of the real property law (chapter 547, Laws 1896) provides that:

"A mortgage, registered or recorded, must be discharged upon the record thereof, by the recording officer, when there is presented to him a certificate signed by the mortgagee, his personal representative or assignee, and acknowledged or proved, and certified in like manner as to entitle a conveyance to be recorded," etc.

Section 252 of the same law provides that:

"An acknowledgment must not be taken by any officer unless he knows or has satisfactory evidence, that the person making it is the person described in and who executed such instrument."

The statute also authorizes the officer taking the acknowledgment to require proof to be made before him as to the execution of such instrument, and to subpœna witnesses, and compel their attendance before him for that purpose. The statute then provides (section 255) that the officer taking such proof of execution of the instrument "must endorse thereupon or attach thereto a certificate, signed by himself, stating all the matters required to be done, known or proved on the taking of such acknowledgment or proof." When an instrument with such a certificate of acknowledgment attached is presented to the clerk, he must record the same, with the proof of execution, and a reference must be made to the book and page containing such record in the minute of the discharge of such mortgage by the officer upon the record thereof.

It is undoubtedly the clerk's duty to see that the proof of execution or acknowledgment complies with and contains all of the requirements of the statute; and, when it fulfills such requirements, he has no discretion in the matter, but must record the satisfaction, and discharge the mortgage of record, in the manner provided by the statute. The acknowledging officer is to be satisfied of the facts to which he certifies, and no proof, other than a proper certificate of such officer, can be required by the clerk. He is made the judge of the sufficiency of the certificate, and whether it complies with the requirements of the statute; but the proof and the facts required are for the acknowledging officer to ascertain and certify, and it is the evidence to the clerk which the statute requires before he can be compelled to record an instrument or discharge a mortgage of record. The clerk assumes no liability when he records an instrument acknowledged in the mode prescribed by the statute, but the person who takes the acknowledgment is made liable for a false or fraudulent certificate. The reasoning of the recording officer in this case seems to be that he has no personal knowledge of the official character of the person signing herself as administratrix, and he wishes to satisfy himself, by a certificate of the surrogate, or of the letters of administration, that she is in reality what she describes herself to be in the satisfaction. He has undoubtedly overlooked the fact that the statute prescribes the kind of proof which shall be furnished to him to enable him to discharge the mortgage. It is the certificate of the person legally representing the deceased which the statute requires, certified by an officer that he knows such person to be the person de-

scribed in, and who executed, the same, and that she executed it in such representative character. The clerk might quite as well say that a certificate of acknowledgment of an individual is not proof enough to satisfy him that he is the person he represents himself to be. But that he cannot do, because the statute prescribes the formalities which shall be recited in the certificate; and when that is done, although the certificate may be false, the clerk has no power to require further proof or make further inquiry. If an acknowledging officer commits a fraud or a forgery, the statute makes it a felony; and if a person represents himself to be another individual, in executing an instrument of this character, he is also, under the law, punishable for a criminal act. The presumption is that the acknowledging officer has honestly done his duty, and his certificate is prima facie proof of the facts which it contains. Bank v. McCarty, 149 N. Y. 71, 43 N. E. 427. See, also, People v. Keyser, 28 N. Y. 232, opinion of Sheldon, J., in which it is said, "The certificate of Wright, one of the executors, duly acknowledged, showing that it [the mortgage] was paid, entitled the relator to have it discharged upon the record."

The action of the clerk in following the long-established practice in the office was not only proper, but commendable, in the direction of protecting the interests of mortgagees and in the preventing of frauds in his office; but, while such has been the practice, I can find no authority for its further continuance. On the presentation of the certificate of satisfaction, acknowledged in the manner in which the document in this proceeding was, the clerk was obliged, under the law, to record the instrument, and make the entries upon the record provided by the statute.

It follows that the writ of mandamus must issue, directed to the clerk, commanding him to discharge the mortgage, as prayed for in the petition. The clerk, being a public officer, and, in doing what he did, in good faith believing that he was complying with the law, should not be visited with the costs of this proceeding. The writ is therefore ordered to issue without costs.